STATE OF NORTH CAROLINA EX REL. UTILITIES COMMISSION; THE PUBLIC STAFF v. PUBLIC SERVICE COMPANY OF NORTH CAROLINA, INC.

No. 8110UC1197

(Filed 16 November 1982)

1. **Utilities Commission § 22— amendment of final order—general rate hearing not required**

   While the procedures of complaint hearings must be used before a final order of a panel of the Utilities Commission may be amended pursuant to G.S. 62-80, a general rate hearing is not required in order for a final order to be amended. G.S. 62-73; G.S. 62-78; G.S. 62-133.

---

State ex rel. Utilities Comm. v. Public Service Co.

---

2. **Utilities Commission § 49— hearing to amend rate order—facts not in existence at time of original hearing**

In a hearing to determine whether a prior rate order should be amended because the Utilities Commission had failed to consider amortization of investment tax credit, the Commission properly received testimony calculating the amortization for the year ending 30 September 1980 by using the fiscal year ending 30 December 1980 although the witness thus testified to facts not in existence at the close of the original hearing.

3. **Utilities Commission § 21— lowering rates for future service—no retroactive rate making**

A Utilities Commission order lowering a gas company's rates for future service because it had improperly calculated federal income tax expense in its prior rate order did not constitute retroactive rate making.

4. **Utilities Commission § 22— authority to amend rate order—objections to original order—sale of stock based on prior rate**

The Utilities Commission had authority under G.S. 62-80 to reduce a gas company's rates to take into account the amortization of investment tax credit although the gas company has now been deprived of an opportunity to argue the exceptions it would have made if it had known that the original order would later be amended, and although the gas company has sold 500,000 shares of stock based on a rate contained in the original order.

5. **Utilities Commission § 56— hearing to amend final order—appellate review**

Where a final rate order was amended by the Utilities Commission pursuant to G.S. 62-80 for the purpose of taking into account the amortization of investment tax credit, defendant utility could not properly present in an appeal from the amendment the question of the allowance for depreciation in the original order.

APPEAL by defendant from order of North Carolina Utilities Commission entered 5 August 1981. Heard in the Court of Appeals 1 September 1982.

On 12 January 1981 a panel of three members of the Utilities Commission filed an order in which it recommended that Public Service Company of North Carolina, Inc. be allowed to increase its rates to produce an additional $4,716,903.00 in annual revenues. The Commission did not make any finding in the January order as to an amount for amortization of investment tax credit. No appeal was taken from this order, and it became final on 11 February 1981.

Rates were subsequently put into effect based on the amount of revenues allowed in the January order. Thereafter, Public Service sold 500,000 shares of stock, making representations in

---

State ex rel. Utilities Comm. v. Public Service Co.

---

both the prospectus and the registration statement, filed with the Securities and Exchange Commission, that it was entitled by virtue of the January order to receive $4,716,903 in additional annual revenues.

On 7 July 1981 the Commission issued an order determining that it had improperly calculated the federal income tax expense in the January order. The Commission gave notice that there would be a hearing to determine the effect the tax credit would have on the rates and to determine the amount of income tax expense which should have been employed in setting rates. After the hearing, the Commission issued an order, dated 5 August 1981, lowering the rates for service subsequently rendered so as to reduce by $415,530 the amount of annual revenues allowed to Public Service.

The defendant appealed.

*Robert Fishbach, Executive Director of The Public Staff, by Staff Attorneys Vickie L. Moir and Gisele L. Rankin, for plaintiff appellee.*

*Boyce, Morgan, Mitchell, Burns and Smith, by F. Kent Burns, for defendant appellant.*

WEBB, Judge.

[1] The defendant first contends the Utilities Commission was without authority to reopen the January order without a hearing for a general rate case. It bases its argument on the following sections of Chapter 62 of the General Statutes:

§ 62-78. *Proposed findings, briefs, exceptions, orders, expediting cases, and other procedure.*

\*     \*     \*

(c) In all proceedings in which a panel of three commissioners, commissioner or examiner has filed a report, recommended decision or order to which exceptions have been filed, the Commission, before making its final decision or order, shall afford the party or parties an opportunity for oral argument. When no exceptions are filed within the time specified to a recommended decision or order, such recommended decision or order shall become the order of the Com-

mission and shall immediately become effective unless the
order is stayed or postponed by the Commission; provided,
the Commission may, on its own motion, review any such
matter and take action thereon as if exceptions thereto had
been filed.

\*     \*     \*

§ 62-80. *Powers of Commission to rescind, alter or amend
prior order or decision.* — The Commission may at any time
upon notice to the public utility and to the other parties of
record affected, and after opportunity to be heard as provid-
ed in the case of complaints, rescind, alter or amend any
order or decision made by it. Any order rescinding, altering
or amending a prior order or decision shall, when served
upon the public utility affected, have the same effect as is
herein provided for original orders or decisions.

The defendant argues that under G.S. 62-78(c) when a panel of the
Commission issues an order to which no exception is taken, it
becomes a final order which cannot be amended under G.S. 62-80
without a hearing as a complaint proceeding as provided in G.S.
62-73, a new record developed, and a new order issued based on
the new record.

Whatever the effect of G.S. 62-78(c) on an order filed by a
panel of three Commissioners we do not believe this affects the
power of the Utilities Commission to act pursuant to G.S. 62-80.
G.S. 62-80 provides the Utilities Commission may "alter or
amend" an order after a hearing. We believe that by using the
words "alter or amend" the Legislature intended that the Com-
mission may change an order in some respects without consider-
ing all factors that must be considered in a general rate case. The
statute does not limit changes in orders to those that have not
become final.

The defendant argues that since the statute provides that
before an order may be "altered or amended" the matter shall
"be heard as provided in the case of complaints," this means
there must be a complaint hearing pursuant to G.S. 62-73 and all
the elements required by G.S. 62-133 must be considered. We do
not so read G.S. 62-80. We believe it requires that the procedures
of complaint hearings shall be used before amending an order but

it does not require a general rate hearing before an order may be amended.

[2]  The defendant also contends the evidence which the Commission heard at the reopened hearing made the hearing an unlawful procedure. It bases this argument on the testimony of a Public Staff witness as to the proper amount of investment tax credit amortization. The witness testified that the most reliable way to calculate the amortization for the year ending 30 September 1980 was to use the fiscal year ending 30 December 1980 and based his testimony on this period. The defendant contends that by doing so, the witness testified to facts that were not in existence at the close of the first hearing. We do not believe it was error for the Commission to receive this evidence. It could accept this testimony as the best way to calculate the investment tax credit amortization for the period in question.

The defendant also argues that the Commission could not under G.S. 62-136(a) change a rate without a finding that the rate is "unjust, unreasonable, insufficient or discriminatory, or in violation of any provision of law." No such finding was made by the Commission. The Commission was proceeding pursuant to G.S. 62-80, not G.S. 62-136(a). The finding required by G.S. 62-136(a) was not necessary to the validity of the Commission's August order.

[3]  The defendant contends that the action of the Commission constituted retroactive rate making. It says this is so because the Commission had already determined the proper amount of income tax expense. We do not believe the Commission's order of 5 August 1981 constituted retroactive rate making. It did not reduce the defendant's revenue to compensate in the future for what may have been an excessive rate in the past. It reduced the defendant's future rate for what it found was a more realistic investment credit tax amortization. This is not retroactive rate making. *See Utilities Commission v. Edmisten*, 291 N.C. 451, 232 S.E. 2d 184 (1977) for a discussion of retroactive rate making.

[4]  The defendant says there were matters in the January order which were unfavorable to it. Defendant did not except to the order because it was satisfied overall, which it would not have been if the rate had been originally reduced by taking into account the amortization of the investment tax credit. It has now

been deprived of an opportunity to argue the exceptions it would have made if it had known what would occur in August. The defendant also argues that it has sold 500,000 shares of stock based on a rate contained in a final order which rate has now been reduced. The defendant contends this is unfair to the public which bought the stock. We believe the fairness of the statute is a matter for the General Assembly. As we read it, the statute allows the Utilities Commission to amend a final order as was done in this case. We are bound by this statute.

We do not believe the cases relied on by the defendant are helpful to it. *Utilities Commission v. Edmisten*, 291 N.C. 575, 232 S.E. 2d 177 (1976) deals with the authority of the Utilities Commission to rehear a general rate case under G.S. 62-80 before the 30-day period for appealing from its order had expired. It does not deal with the power of the Commission to amend an order after it has become final. *Utilities Commission v. Carolina Coach Company*, 260 N.C. 43, 132 S.E. 2d 249 (1963) involved the rescission of an order made pursuant to an agreement by two buslines in regard to transportation rights. Our Supreme Court said the Commission could not act arbitrarily or capriciously in rescinding the order but there must be a change of circumstance requiring it in the public interest. We do not believe *Carolina Coach* is a precedent for this case.

[5] The defendant brings forward an assignment of error as to the allowance for depreciation in the January order. We have held that the January order is a final order which was reopened by the Utilities Commission under G.S. 62-80 for the purpose of a hearing as to the investment tax credit amortization. The January order was in other respects a final order from which no appeal was taken. We do not pass on the question of depreciation in this appeal.

The defendant stated in its brief that the Commission's action violated the Fourteenth Amendment to the United States Constitution and Article I, Section 19 of the Constitution of North Carolina. The defendant advances no reasons why this is so other than its arguments as to the application of Chapter 62 of the General Statutes and its effect on the defendant. G.S. 62-80 was in effect at the time this case was instituted. All orders entered by the Commission were subject to this section. The developments of

this case may work a hardship on the defendant, but we do not believe it is of constitutional dimension.

Affirmed.

Chief Judge MORRIS and Judge WHICHARD concur.